# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. PHILLIP J. BERG, <br><br> Plaintiff, <br><br> v. <br><br> BARACK HUSSEIN OBAMA, JR., <br><br> Defendant. | Civ. No. 1:08-1933 (RWR) <br><br> UNDER SEAL |

## UNITED STATES' RESPONSE TO ORDER TO SHOW CAUSE AND OPPOSITION TO RELATOR'S MOTION TO UNSEAL AND PERMIT RELATOR TO PROCEED WITH COMPLAINT PURSUANT TO THE FALSE CLAIMS ACT

The United States of America, through its undersigned counsel, respectfully submits this response to the Court's February 4, 2009 Order to Show Cause why the United States' "silence" with regard to this action "should not be deemed consent to allow the relator to conduct the action." The United States also opposes Relator's Motion to Unseal to Proceed with the Complaint ("Relator's Motion").[1] Respectfully, the United States does not consent to allow the relator to conduct this action.

---

[1] The Certificate of Service to the Relator's Motion indicates that it was served on January 31, 2009 via the United States Postal Service to the United States Attorney General and the U.S. Attorney, but a copy of this pleading did not reach the U.S. Attorney General's Office until February 12th and the U.S. Attorney's Office still has not received the pleading. Perhaps this is because the relator used the zip code of "20001." The correct mailing zip code for the United States Attorney's Office for the District of Columbia is "20530." Mail sent to the "20001" often takes several weeks to reach the office. To ensure that we receive all mail from the relator we have informed him of the correct addresses to use for correspondence in this matter.

Because the relator has not met the statutory requirements to initiate a qui tam suit, the sixty-day period during which the complaint in this matter shall remain under seal and the period during which the government may intervene pursuant to 31 U.S.C. § 3730(b) has not yet begun to run. The United States requires additional time after proper service is made to resolve how to handle this case.

Relator, Philip J. Berg, apparently filed this sealed qui tam complaint pro se on or about November 7, 2008, alleging that then Senator Obama defrauded the United States by taking his Senate salary when he did not meet the citizenship requirements to hold a Senate seat.

### The United States Should Have Additional Time to Review These Allegations Due to Improper Service, or in the Alternative, for Good Cause Shown

The relator has not satisfied the False Claims Act's requirements to initiate the above-captioned qui tam suit. To commence a qui tam action a relator must not only file a complaint under seal but also must formally serve both the complaint and a written disclosure of material evidence on the United States Attorney for the district where the action is filed and on the Attorney General. These statutory requirements ensure that the United States has the opportunity to investigate the allegations in the complaint and make an informed decision regarding its right to intervene and take over the prosecution of a case which has been brought on the United States' behalf.

The False Claims Act provides:

> A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect

2

to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

31 U.S.C. § 3730(b)(2).

The former Rule 4(d)(4) of the Federal Rules of Civil Procedure, now Rule 4(i)(1), states, in relevant part, that to serve the United States, a party must:

(A)

(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B)

send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Accordingly, the period of "at least" sixty-days that the False Claims Act provides for the government's pre-litigation review of relators' qui tam suits, see 31 U.S.C. §3730(b)(2), does not commence until the relator has properly served both the complaint and a written disclosure of substantially all the material evidence in his possession upon the appropriate United States Attorney and upon the Attorney General pursuant to these procedures.

In this case, a search of the service records of the Attorney General and the United States Attorney for the District of Columbia has produced no record that this qui tam complaint was served on the Attorney General or on the United States Attorney (or his Rule 4(i)(1)(A)(i) designee). It does appear that a summons and complaint in this action were received by another component of the Department of Justice, but it is unclear how those documents were delivered.

According to the Relator, he served the United States Attorney at two locations, but he does not describe those locations. See Relator's Motion at p. 3. He does not indicate that he served the Attorney General at all. Hence, by his own admission he did not complete proper service.

After some confusion, the undersigned counsel from the Civil Division of the Department of Justice and the United States Attorney's Office, who are responsible for handling this qui tam action, now have that summons and complaint, despite what appears to have been improper service. However, the undersigned are unaware of any receipt (whether by proper service or otherwise) by any arm of the Department of Justice of the statutorily required written disclosure of material evidence. Because relator has not met the FCA's explicit requirements as to service of the written disclosure statement and apparently has not met the FCA's explicit requirements as to service of a complaint, the sixty-day period for the United States' evaluation of his allegations has not yet begun to run.

As a practical matter, due to the confusion surrounding receipt of this complaint (only compounded by the absence of the required written disclosure of material evidence), the United States has not yet had an opportunity to evaluate relator's allegations and determine how to proceed. In particular, counsel for the United States need time to determine how best to proceed and seek proper authority. Options include intervening, declining, and moving to dismiss pursuant to 31 U.S.C. §3730(c)(2)(A). The FCA fully contemplates that the United States should have the opportunity to conduct that type of evaluation before the relator commences to litigate any qui tam claim on the United States' behalf, no less a claim against the sitting President of the United States. Thus, even if relator had properly served his complaint and written disclosure statement, there would be good cause here to warrant an extension of the United States' initial

4

sixty-day period of review so that the United States' evaluation can proceed. See 31 U.S.C. § 3730(b)(3).

The undersigned have now advised the relator by letter of the need to serve his complaint and written disclosure statement pursuant to the requirements of the False Claims Act and of the fact that the 60-day investigative period has not yet begun to run. When the complaint and written disclosure statement are served in accordance with the statute, counsel for the United States propose to advise the Court of that fact and advise the Court of the date that the sixty-day period of review will expire. In the meantime, the United States respectfully requests that this matter remain under seal until sixty days from the date the relator properly completes service of the complaint and written disclosure statement as required by 31 U.S.C. § 3730(b)(2).[2]

## Conclusion

For the foregoing reasons, the United States' silence in this matter to date should not be deemed to be consent for the relator to proceed to conduct this qui tam action and the relator's motion to unseal should be denied.

Respectfully submitted,
MICHAEL F. HERTZ
Acting Assistant Attorney General
Civil Division

_Sara McLean_ (fds)
JOYCE R. BRANDA
ALAN E. KLEINBURD
SARA MCLEAN
Civil Division, Department of Justice

---

[2] We regret not informing the Court sooner of the situation with regard to service. Nevertheless, we respectfully request that this matter remain under seal for additional review by the government.

5

Post Office Box 261, Ben Franklin Station
Washington, DC 20044
(202) 307-0475

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
KEITH MORGAN
Assistant United States Attorney
555 4th Street, N.W., Rm 10113
Washington, D.C. 20530
(202) 514-7228

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **17th** day of February, a true and correct copy of the above and foregoing United States' Response to Order to Show Cause was mailed by first-class mail to the pro se relator in this action:

**Philip J. Berg, Esq.**
**555 Andorra Glen Court, Suite 12**
**Lafayette Hill, PA 19444**

Because this action is under seal pursuant to 31 U.S.C. § 3729, et seq., defendant has not been served with a copy of the foregoing.

/s/
KEITH MORGAN
Assistant United States Attorney