IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA *EX REL.* PHILLIP J. BERG, </br></br>Plaintiff, </br></br> v. </br></br> BARACK HUSSEIN OBAMA, JR., </br></br> Defendant. | Civ. No. 1:08-1933 (RWR) </br></br> UNDER SEAL |

## UNITED STATES' SUGGESTION OF DISMISSAL

The United States of America, through its undersigned counsel, respectfully submits this suggestion of dismissal, seeking the dismissal of this action pursuant to 31 U.S.C. § 3730(c)(2)(A) of the False Claims Act (FCA), 31 U.S.C. §§ 3729-3733, in the exercise of prosecutorial discretion.

## BACKGROUND

Relator, Philip J. Berg, filed this complaint *pro se* under seal[1] on or about November 7, 2008, pursuant to the FCA, 31 U.S.C. § 3730. The FCA is the government's primary tool for recovering money lost from the United States Treasury due to fraud. Its *qui tam* provisions permit a private person, "a relator," to file an action on behalf of the United States to recover the United States' damages in exchange for a bounty of up to 30% of any eventual recovery. *See id.*

---

[1] Relator appears to have then breached the seal by posting on his website a list of his three lawsuits against President Obama, which states in part: "Berg v. Obama, U.S. District Court, Case filed under seal on 11/07/08 – cannot be discussed. Berg filed Motion to Unseal– Denied. Response due April 2009." *See* http://www.obamacrimes.info/.

The United States may elect to intervene in the action and assume primary responsibility for the litigation, or it may decline to intervene, which allows the relator to pursue the action on the United States' behalf. 31 U.S.C. §§ 3730(b)(2), (c). The United States also retains the authority to dismiss an action when dismissal is in the interests of the United States. *Id.* § 3730 (c)(2)(A) ("The Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion.")

Mr. Berg alleges in his lawsuit that President Barack Obama defrauded the United States by taking his Senate salary when he did not meet the citizenship requirements to hold a Senate seat. He has made similar allegations in other proceedings. *See, e.g., Berg v. Obama*, 574 F. Supp. 2d 509 (E.D. Pa. 2008). The Department of Justice has reviewed the relator's allegations, determined that they lack merit, and concluded that they therefore should not be pursued on the United States' behalf against its sitting President. *See generally* Memorandum Ruling, *Hollister v. Soetoro*, Civ. No. 08-2254 (JR), slip op. at 1 (D.D.C. Mar. 5, 2009) (attached hereto as Exhibit A) (concluding with respect to another lawsuit by a straw plaintiff for Mr. Berg with substantially the same allegations: "This case, if it were allowed to proceed, would deserve mention in one of those books that seek to prove that the law is foolish or that America has too many lawyers without enough to do. Even in its relatively short life the case has excited the blogosphere and the conspiracy theorists. The right thing to do is to bring it to an early end.").

ARGUMENT

The Court of Appeals has recognized that 31 U.S.C. § 3730(c)(2)(A) gives the United States "virtually 'unfettered' discretion" to dismiss a *qui tam* suit, including, as here, before the

United States has made its election whether to intervene. *See United States ex rel. Hoyte v. American National Red Cross*, 518 F. 3d 61, 65 (D.C. Cir. 2008); *Swift v. United States*, 318 F.3d 250, 251-54 (D.C. Cir. 2003). By affording *qui tam* relators an opportunity for a hearing if they request one, section 3730(c)(2)(A) gives relators the chance to try to convince the United States to change its mind but gives the Court no role in second-guessing the United States' exercise of its prosecutorial discretion. *See Hoyte*, 518 F.3d at 65; *Swift*, 318 F.3d at 253. The Court of Appeals has explained: "Nothing in § 3730(c)(2)(A) purports to deprive the Executive Branch of its historical prerogative to decide which cases should go forward in the name of the United States." *Swift*, 318 F. 3d at 253. In the exercise of its discretion, the United States has determined that this action should not proceed.

## CONCLUSION

For the foregoing reasons, we respectfully request that the relator be afforded an opportunity for a hearing if he so requests and this action then be dismissed.

                Respectfully submitted,

                MICHAEL F. HERTZ, DC Bar #261495
                Acting Assistant Attorney General
                Civil Division

                /s/ Sara McLean
                JOYCE R. BRANDA, DC Bar #246363
                ALAN E. KLEINBURD, DC Bar #950196
                SARA MCLEAN
                Civil Division, Department of Justice
                Post Office Box 261, Ben Franklin Station
                Washington, DC 20044
                (202) 307-0475

/s/ _JA Taun (by KC)_
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

/s/ _K____
KEITH V. MORGAN, DC Bar #422665
Assistant United States Attorney
555 4th Street, N.W., Rm 10113
Washington, D.C. 20530
(202) 514-7228

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GREGORY S. HOLLISTER,

    Plaintiff,

v.                            Civil Action No. 08-2254 (JR)

BARRY SOETORO, *et al.*,

    Defendants.

### MEMORANDUM

This case, if it were allowed to proceed, would deserve mention in one of those books that seek to prove that the law is foolish or that America has too many lawyers with not enough to do. Even in its relatively short life the case has excited the blogosphere and the conspiracy theorists. The right thing to do is to bring it to an early end.

The plaintiff says that he is a retired Air Force colonel who continues to owe fealty to his Commander-in-Chief (because he might possibly be recalled to duty) and who is tortured by uncertainty as to whether he would have to obey orders from Barack Obama because it has not been proven -- to the colonel's satisfaction -- that Mr. Obama is a native-born American citizen, qualified under the Constitution to be President. The issue of the President's citizenship was raised, vetted, blogged, texted, twittered, and otherwise massaged by America's vigilant citizenry during Mr. Obama's two-year-campaign

for the presidency, but this plaintiff wants it resolved by a court.

The real plaintiff is probably Philip J. Berg, a lawyer who lives in Lafayette Hill, Pennsylvania, and who has pursued his crusade elsewhere, see Berg v. Obama, 574 F. Supp. 2d 509 (E.D. Pa. 2008), invoking the civil rights statutes, the Federal Election Campaign Act, the Freedom of Information Act, the Immigration and Nationality Act, and the law of promissory estoppel. That case was the subject of a scholarly opinion by a judge who took Mr. Berg's claims seriously -- and dismissed them. Mr. Hollister is apparently Mr. Berg's fallback brainstorm, essentially a straw plaintiff, one who could tee Mr. Berg's native-born issue up for decision on a new theory: If some "value" could be assigned to the "duties" the plaintiff thinks he might someday be called upon to fulfill under the Commander-in-Chief, then those "duties" could be deposited in the registry of this Court as the *res* whose distribution is to be decided by a suit in interpleader!

The filing and service of the complaint required private counsel to appear for President Obama and for Vice President Biden (whose citizenship is not challenged but who was presumably considered a necessary party in a suit seeking to unseat the President). Those counsel have moved to dismiss, asserting both that this Court has no jurisdiction (Rule

12(b)(1)) and that the plaintiff has stated a claim for which relief cannot be granted (Rule 12(b)(6)).

Plaintiff having invoked both diversity and the federal interpleader statute, 28 U.S.C. § 1355, I do have jurisdiction. Because plaintiff's only claim invokes the interpleader statute, however, the suit must be dismissed for failure to state a claim.

I have already called the interpleader claim "frivolous" in two interlocutory rulings [#10 and #14], and I do so again here. As the defendants noted in their motion to dismiss, "interpleader allows a party exposed to multiple claims on a single obligation or property to settle the controversy and satisfy his obligation in one proceeding." Commercial Union Ins. Co. v. U.S., 999 F.2d 581, 583 (D.C. Cir. 1993). It is typically used in insurance cases where the plaintiff holds property on behalf of another but does not know to whom among several adverse parties the property should be transferred [#9 at 8]. Resort to interpleader is inappropriate when it "is sought for improper or ulterior purposes." Wright & Miller § 1707 (3d ed. 2001).

Plaintiff has not cited a single case that lends even colorable support to the notion that his alleged "duties" can be the "money or property" to which the interpleader statute applies. The interpleader suits he cites are all about money or tangible property: American Fidelity Fire Ins. Co. v. Construcciones Werl, Inc., 407 F. Supp 164 (D. V.I. 1975) is

about contested HUD monies; <u>Underwriters at Lloyd's v. Nichols</u>, 363 F.2d 357 (8th Cir. 1966), is about insurance proceeds; <u>Dunbar v. United States</u>, 502 F.2d 506 (5th Cir. 1974) is about money seized from the mails. The only interpleader case plaintiff cites that involves a "duty" is <u>Bank of Neosho v. Colcord</u>, 8 F.R.D. 621 (W.D. Mo. 1949) (Complaint, para. 12), an inapposite decision declining to strike a cross-claim for specific performance in an interpleader case that began, as interpleader cases do, with the deposit of funds. This suit will accordingly be dismissed.

Mr. Berg and Lawrence J. Joyce, an attorney who lives in Tucson, Arizona, signed the complaint in this case. (They have been filing electronically although they have not been admitted *pro hac vice*, see [#10].) They are *agents provocateurs* -- and any attempt to sanction them for misuse of the public and private resources that have had to be devoted to this case would only give them a forum to continue their provocation. John D. Hemenway, on the other hand, is a member of the Bar of this Court. He may have been enlisted by Messrs. Berg and Joyce as a foot soldier in their crusade, but he is nevertheless directly responsible to this Court for the pleadings that have been filed on behalf of the plaintiff. Because it appears that the complaint in this case may have been presented for an improper purpose such as to harass; and that the

interpleader claims and other legal contentions of plaintiff are not warranted by existing law or by non-frivolous arguments for extending, modifying or reversing existing law or for establishing new law, the accompanying order of dismissal requires Mr. Hemenway to show cause why he has not violated Rules 11(b)(1) and 11(b)(2) of the Federal Rules of Civil Procedure, and why he should not be required to pay reasonable attorneys fees and other expenses to counsel for the defendants.

JAMES ROBERTSON
United States District Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of March, a true and correct copy of the above and foregoing United States' Suggestion of Dismissal and its proposed order were mailed by first-class mail to counsel for the pro se relator in this action:

**Philip J. Berg, Esq.**
**555 Andorra Glen Court, Suite 12**
**Lafayette Hill, PA 19444**

Because this action is under seal pursuant to 31 U.S.C. § 3729, *et seq.*, defendant has not been served with a copy of the foregoing.

/s/
KEITH MORGAN
Assistant United States Attorney