UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
PHILLIP J. BERG,                )
                                )
          Plaintiff,            )
                                )
     v.                         )   Civil Action No. 08-1933 (RWR)
                                )
BARACK HUSSEIN OBAMA JR.,       )
                                )
          Defendant.            )
_____)
```

## MEMORANDUM OPINION

Relator Philip J. Berg moves for reconsideration of an order dismissing his qui tam action against President Obama after Berg failed to convince the United States not to seek dismissal of the case.  Because Berg does not show that justice requires reconsideration, his motion will be denied.

### BACKGROUND

Berg filed this case pro se, alleging a claim under the False Claims Act, 31 U.S.C. § 3730 et seq., against President Obama claiming that the President is not a citizen of the United States, and was therefore ineligible to receive his salary as a United States Senator.  (See Relator's Mem. of Law in Support of Relator's Mot. for Recons. ("Relator's Mem.") at 5.)  The United States sought to dismiss this action with prejudice, because the "Department of Justice has reviewed the relator's allegations, determined that they lack merit, and concluded that they therefore should not be pursued on the United States' behalf[.]"

-2-

(United States' Suggestion of Dismissal at 2.  On June 9, 2009, a hearing was held to allow Berg a formal opportunity to convince the government not to end the case.  The government heard Berg's request but continued to request dismissal, and Berg's case was dismissed.  (See Order of June 9, 2009.)

Berg has moved under Federal Rule of Civil Procedure 59(e) for reconsideration of the order dismissing the case.  He argues that it was a violation of federal conflict of interest statutes for U.S. Department of Justice lawyers to urge dismissal since they are employed by the Attorney General who reports to the President.  The government opposes Berg's motion.

<u>DISCUSSION</u>

"While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure."  <u>City of Moundridge v. Exxon Mobil Corp.</u>, 244 F.R.D. 10, 11-12 (D.D.C. 2007) (quoting <u>El-Shifa Pharm. Indus. v. United States</u>, Civil Action No. 01-731 (RWR), 2007 WL 950082, at *1 (D.D.C. Mar. 28, 2007) (internal citations omitted)).  "A motion to alter the judgment need not be granted unless there is an intervening change of controlling law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice."  <u>City of Moundridge</u>, 244 F.R.D. at 12 (quoting <u>Messina v. Krakower</u>, 439 F.3d 755, 758 (D.C. Cir. 2006)).

-3-

The False Claims Act provides that "[t]he Government may dismiss [a qui tam] action notwithstanding the objections of the [relator] if the [relator] has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion."  31 U.S.C. § 3730(c)(2)(A).  The "function of a hearing when the relator requests one is simply to give the relator a formal opportunity to convince the government not to end the case."  Swift v. United States, 318 F.3d 250, 253 (D.C. Cir. 2003).  In this circuit, the Government has, essentially, "an unfettered right to dismiss a qui tam action," based upon (1) separation of powers, (2) "the Government's broad discretion in initiating or continuing a criminal prosecution," (3) Federal Rule of Civil Procedure 41(a)(1)(i), which allows a plaintiff to dismiss a civil action "without order of the court," and (4) the fact that section § 3730(c)(2)(A) grants "[t]he Government," not the court, unilateral authority to "dismiss the action notwithstanding the objections of the person initiating the action."[1]  See Hoyte ex

---

[1] In Hoyte, 518 F.3d 61, 65 (D.C. Cir. 2008), the court of appeals noted that there "may be an exception" to the government's almost unfettered authority to dismiss a False Claims Act claim for "fraud on the court."  Fraud on the court is "a scheme to interfere with the judicial machinery performing the task of impartial adjudication."  Synanon Church v. United States, 579 F. Supp. 967, 972 (D.D.C. 1984) (quoting Pfizer, Inc. v. Int'l Rectifier Corp., 538 F.2d 180, 195 (8th Cir. 1976)). "Fraud on the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury."  Baltia Air

-4-

rel. United States v. Am. Nat'l Red Cross, 518 F.3d 61, 64-65
(D.C. Cir. 2008) (citing Swift, 318 F.3d at 252).

Berg argues that the Order dismissing his case should be
reconsidered because the government's decision to urge dismissal
was the product of a conflict of interest.  As an initial matter,
because Berg raised the issue of the purported conflict of
interest in his opposition to the government's suggestion of
dismissal and at the June 2009 hearing (see Relator's Brief in
Supp. of Opp'n to Mot. to Dismiss at 18), this is not a new issue
that could justify reconsideration.  "[W]here litigants have once
battled for the court's decision," they should [not be]
"permitted to battle for it again."  Singh v. George Washington
Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (denying motion for
reconsideration stating, in part, "the court considered the cases
the [defendant] now cites," and the defendant's "attempt to re-
litigate this issue will not be countenanced").

---

Lines v. Transaction Mgmt., 98 F.3d 640, 642 (D.C. Cir. 1996)
(quoting Bulloch v. United States, 721 F.2d 713, 718 (10th Cir.
1983)).  Examples of the type of conduct deemed as fraud on the
court include "the bribery of a judge or the knowing
participation of an attorney in the presentation of perjured
testimony."  Baltia Air Lines, 98 F.3d at 643 (citing 11 Wright,
Miller & Kane, Federal Practice & Procedure § 2870 (1995)).  Berg
has neither argued that the government's actions fall within the
possible exception of fraud on the court, nor presented support
showing that his disagreement with the government regarding the
merits of his claim could be considered fraud on the court.
Therefore, this potential exception is inapplicable.

-5-

In any event, Berg does not show that rejecting his argument was error. To establish that there was a conflict of interest, Berg cites two criminal statutes and one regulation that the government attorneys allegedly violated. The first statute, 18 U.S.C. § 205, "prohibits a federal employee from acting as the 'agent or attorney' of a private group in relation to a list of proceedings such as an 'investigation,' 'contract,' or 'other particular matter' in which the United States has an interest." Van Ee v. EPA, 202 F.3d 296, 299 (D.C. Cir. 2000); 18 U.S.C. § 205(a)(2), (h). The second statute, 18 U.S.C. § 208, prohibits employees of the executive branch of the U.S. government from participating:

> personally and substantially as a Government officer or employee, through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or otherwise, in a . . . particular matter in which, to his knowledge, he, his spouse, minor child, general partner, organization in which he is serving as officer, director, trustee, general partner, or employee, or any person or organization with whom he is negotiating or has any arrangement concerning prospective employment, has a financial interest[.]

18 U.S.C. 208(a). The regulation, 5 C.F.R. § 2635.502, provides in relevant part that:

> Where an employee knows that a particular matter involving specific parties is likely to have a direct and predictable effect on the financial interest of a member of his household, . . . and where the employee determines that the circumstances would cause a reasonable person with knowledge of the relevant facts to question his impartiality in the matter, the employee should not participate in the matter[.]

-6-

The provisions cited by Berg do not justify reconsideration.
Section 205 pertains only to officers or employees of the United
States who act "other than in the proper discharge of [their]
official duties[.]"  See 18 U.S.C. § 205(a).  There is no dispute
that Department of Justice attorneys properly discharge their
duties by representing the United States in a qui tam action.[2]
In addition, Berg has not pointed to any specific financial
interest that the government's attorneys have in the outcome of
this matter that would have caused them to be prohibited from
representing the government in an official capacity by 18 U.S.C.
§ 208 or 5 C.F.R. § 2635.502.  Berg argues that the Attorney
General has a financial interest because "if [the Attorney
General] allows this action to go forward, he is at great risk of
losing his position, which is a financial interest, as he would
lose his government pay."  (Relator's Mem. at 19.)  Berg provides
absolutely no legal support for the notion that this speculation
can suffice to dislodge Justice Department attorneys from their
duty to represent the United States in this case.  Nor has he
cited any authority that a relator in a False Claims Act case can
raise speculation about a violation of any of these provisions as
an impediment to the government's suggestion of dismissal.

_____

[2] As Justice Department attorneys over time have investigated
all manner of executive branch officials in civil and criminal
matters, it matters little on its face in the conflicts context
that the defendant in this qui tam action is the President.

-7-

Cf. Hunter v. Dist. of Columbia, 384 F. Supp. 2d 257, 260 n.1
(D.D.C. 2005) (stating that 18 U.S.C. § 205 is a "criminal
statute[] that create[s] no private right of action").

Finally, Berg argues that the Order dismissing his case
clearly erred by failing to require the government to show that
dismissal was "rationally related to a valid purpose," after
which the relator would have borne the burden to show the
decision to dismiss was "fraudulent, illegal, or arbitrary and
capricious," a test adopted by the Ninth Circuit in United States
ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp., 151 F.3d
1139, 1145 (1998). (Relator's Mem. at 7.)  On two occasions, the
D.C. Circuit has explicitly declined to adopt the rational
relation test found in Sequoia.  See Swift, 318 F.3d at 252 ("We
hesitate to adopt the Sequoia test. . . .  [D]ecisions not to
prosecute, which is what the government's judgment in this case
amounts to, are unreviewable."); Hoyte, 518 F.3d at 65 n.4
(noting that "[i]n Swift, [the court of appeals] declined to
adopt the judicial review standard for a qui tam action endorsed
by the Ninth Circuit, under which the Government must initially
show that dismissal is 'rationally related to a valid purpose'").
Therefore, Berg has not shown that the failure to require the
government to meet the Sequoia test was clear error or caused a
manifest injustice to occur.

-8-

## CONCLUSION

Because Berg has not shown any intervening change of controlling law, newly available evidence, or need to correct a clear error or prevent manifest injustice that would warrant reconsidering the dismissal of his case, his motion for reconsideration [17] will be denied.  An appropriate order accompanies this Memorandum Opinion.

SIGNED this 21st day of September, 2009.

                                    /s/
                          _____
                          RICHARD W. ROBERTS
                          United States District Judge